UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

"Mark",                                          **ATTORNEY AFFIRMATION**

     Plaintiff,                    Case No. 8:25-cv-1110 (GTS/DJS)

v.

GILMOUR ACADEMY; TIMON S. VEACH,
individually and as an agent of Defendant
GILMOUR ACADEMY; MICHAEL
CHIELLINO, individually and as an agent of
Defendant GILMOUR ACADEMY; JOSEPH
H. NOOK III, individually and as an agent of
Defendant GILMOUR ACADEMY; JONAH
WILLIAMS, individually and as an agent of
Defendant GILMOUR ACADEMY; MARK
FERFOLIA, JR. individually and as an agent of
Defendant GILMOUR ACADEMY;
DEFENDANT #7, KYLE MEAD; and
DEFENDANT #9

     Defendants.

Michael E. Appelbaum, Esq., declares under penalty of perjury that the following is true and correct,

1.     I am an attorney at law, duly licensed to practice in the State of New York, and I am a member of the law firm of Goldberg Segalla LLP, attorneys for defendants, Gilmour Academy, Timon S. Veach, Michael Chiellino, Joseph H. Nook, III, Jonah Williams, and Mark Ferfolia, Jr. (collectively "Gilmour Defendants"). As such I am fully familiar with the facts and circumstances recited herein.

2.     This Affirmation and the attached exhibits and Memorandum of Law are respectfully submitted in support of Defendants' Partial Motion to Dismiss Plaintiff's Complaint in lieu of an Answer pursuant to Federal Rule of Civil Procedure 12(b)(6), and more specifically,

IMANAGE\7267\0184\54363781.v1-11/24/25

for an Order dismissing the Third Cause of Action, with prejudice, and granting such other and further relief as this Court deems just and proper.

<u>**ARGUMENT**</u>

3.      Plaintiff commenced this action with the filing of a Summons and Complaint with the United States District Court Northern District of New York on or about August 15, 2025. See ECF No. 1.

4.      This action arises out of allegations characterized as child sexual abuse between peers which occurred in January of 2022 while the Plaintiff was on a school trip with the Gilmour Academy Hockey team. *Id.*

5.      The Complaint alleges, without evidentiary support, that the Gilmour Academy and the Gilmour Coaches (sometimes referred to collectively as "Gilmour Defendants") were aware of a history of hazing and sexual abuse, condoned such hazing and abuse, failed to properly supervise its students/team members while on the hockey trip, and knew or should have known of the abuse Plaintiff sustained. See ECF No. 1.

6.      Of particular importance to this motion is the allegation that Defendant #9 filmed/recorded portions of the alleged incidents and that those videos were then disseminated to unnamed sources via the "Snapchat" application. *Id.* at ¶47 & ¶49-¶50.

7.      Specifically at issue in this Motion to Dismiss is the Plaintiff's speculative claim that "Defendant Gilmour knowingly accessed with intent to view child pornography depicting Plaintiff." *Id.* at ¶85. Plaintiff has defined "Defendant Gilmour" as Gilmour Academy (this does not include the Gilmour Coaches). *Id.* at ¶15.

8.      The Gilmour Defendant's Motion to Dismiss is based on the fact that Plaintiff appears to allege liability against Gilmour Academy for receipt and possession of child

pornography by "knowingly access[ing] with intent to view child pornography depicting the Plaintiff," in violation of 18 U.S.C. §2252 and §2252A. *Id.* at ¶ 86. Seemingly suggesting, without any factual support, that Gilmour Academy viewed the videos of the alleged incident, and did so with the intent to view child pornography.

9.       This cause of action as pled is improper and should be dismissed.

10.       As set forth more fully in the accompanying memorandum of law, a complaint may be dismissed for failing to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

11.       When a complaint is replete with conclusory allegations and unwarranted deductions of fact, the Court, "possesses the inherent power to pierce the veil of a complaint to determine if it is without factual basis." *Blake v. Prudential Ins. Co. of Am.*, 2016 U.S. Dist. LEXIS 44676, at *6 (S.D.N.Y. Mar. 31, 2016) (citation omitted). A plaintiff must show "more than an unadorned, the-defendant-unlawfully-harmed me accusation" if his case is to survive. *Ashcroft v Iqbal*, 556 US 662, 678 (2009). A pleading, "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 681; *Arista Records*, *LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

12.       The Plaintiff's Third Cause of Action, even though expressly directed at the Co-Defendant students (Defendant #7, Kyle Mead, and Defendant #9), contains a single conclusory statement against Gilmour Academy asserting that it knowingly viewed the video with intent to view child pornography. Plaintiff has merely offered the conclusion, based on speculation, that Gilmour Academy – the institution - accessed the alleged videos at issue.  The Complaint is silent on the individual representative of Gilmour Academy who allegedly viewed the video, the date and circumstances upon which the video was allegedly viewed, the manner in which the video

came into the possession of Gilmour Academy for the alleged viewing and whether the video was turned into the Academy as part of an overall investigation into Plaintiff's allegations. Frankly, the Complaint lacks any facts that support a connection between the video at issue and Gilmour Academy at all. Without the required factual assertions, the Third Cause of Action against Gilmour Academy is legally insufficient.

13.    Thus, this Court should dismiss the Plaintiff's Third Cause of Action, for liability pursuant to 18 USC §2252 and §2252A as against the Gilmour Defendants due to Plaintiff's failure to sufficiently plead that cause of action.

14.    For the foregoing reasons and for reasons more fully explained in the accompanying memorandum of law, this Court should dismiss Plaintiff's Third Cause of Action against Gilmour Academy, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**WHEREFORE,** the Gilmour Defendants, respectfully request an Order of this Court dismissing the Plaintiff's Third Cause of Action with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and granting such other and further relief as this Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2025.

Dated: Buffalo, New York
       November 24, 2025

GOLDBERG SEGALLA LLP

_____
Michael E. Appelbaum, Esq.
*Attorneys for Gilmour Academy, Timon S.*
*Veach, Michael Chiellino, Joseph H. Nook, III,*
*Jonah Williams, and Mark Ferfolia, Jr.*
665 Main Street
Buffalo, NY 14203-1425
mappelbaum@goldbergsegalla.com
Phone: 716-566-5400

To: **All Counsel of Record**

IMANAGE\7267\0184\54363781.v1-11/24/25