UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

"Mark",

     Plaintiff,

v.

GILMOUR ACADEMY; TIMON S. VEACH,
individually and as an agent of Defendant
GILMOUR ACADEMY; MICHAEL
CHIELLINO, individually and as an agent of
Defendant GILMOUR ACADEMY; JOSEPH
H. NOOK III, individually and as an agent of
Defendant GILMOUR ACADEMY; JONAH
WILLIAMS, individually and as an agent of
Defendant GILMOUR ACADEMY; MARK
FERFOLIA, JR. individually and as an agent of
Defendant GILMOUR ACADEMY;
DEFENDANT #7; KYLE MEAD; and
DEFENDANT #9,

     Defendants.

Case No. 8:25-cv-1110 (GTS/DJS)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' GILMOUR ACADEMY, TIMON S. VEACH, MICHAEL CHIELLINO, JOSEPH H. NOOK III, JONAH WILLIAMS, AND MARK FERFOLIA, JR.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER.**

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendants
Gilmour Academy, Timon S.
Veach, Michael Chiellino, Joseph
H. Nook Iii, Jonah Williams, And
Mark Ferfolia, Jr.*
665 Main Street
Buffalo, New York 14203
Telephone: (716) 566-5400

Michael E. Appelbaum, Esq.

IMANAGE\7267\0184\54363941.v1-11/24/25

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................................1

STATEMENT OF FACTS...........................................................................................................1

LEGAL ARGUMENT ...............................................................................................................3

     I.     PLAINTIFF'S THIRD CAUSE OF ACTION MUST BE DISMISSED AGAINST GILMOUR ACADEMY BECAUSE IT FAILS TO STATE A CLAIM AS A MATTER OF LAW.................................................................................................4

     II.    18 USC 2252 AND 2252A ARE NOT APPLICABLE TO GILMOUR ACADEMY AS PLED.............................................................................................................8

CONCLUSION..........................................................................................................................11

i

# TABLE OF AUTHORITIES

**Cases**

550 U.S. ....................................................................................................................... 3

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ....................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 3

*Jackson v City of Syracuse*,
   2021 US Dist LEXIS 157578 (NDNY Aug. 20, 2021, No. 5:20-CV-1215) ........................................... 7

**Statutes**

18 U.S.C. §2252 & 2252A ........................................................................... 1,2,4,5,6,8,9,10

18 USC at §81 ................................................................................................................. 2

18 USC Chapter 110 ...................................................................................................... 3,8

**Other**

Federal Rule of Civil Procedure 12 ......................................................................... 1,2,11

S. Rep. No. 104-358, (1996) at 7 ...................................................................................... 8

IMANAGE\7267\0184\54363941.v1-11/24/25

**PRELIMINARY STATEMENT**

The defendants Gilmour Academy, Timon S. Veach, Michael Chiellino, Joseph H. Nook III, Jonah Williams, and Mark Ferfolia, Jr (sometimes collectively referred to as "Gilmour Defendants"), respectfully submit this Memorandum of Law in support of their Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss the Plaintiff's Third Cause of Action which is arguably directed against Gilmour Academy for liability under 18 USC §2252 and §2252A.

In his Complaint, the Plaintiff alleges sexual misconduct directed against him by two of his fellow students/teammates while on a school trip with the hockey team in January 2022 and that a third student recorded the incidents and disseminated the videos using the "Snapchat" application.

As set forth more fully below, the Plaintiff's Third Cause of Action must be dismissed against Gilmour Academy pursuant to Rule 12(b)(6) as Plaintiff has failed to plead any facts that support such an allegation that would make the claim plausible on its face.

**STATEMENT OF FACTS**

Gilmour Academy is a private boarding school in Gates Mills, Ohio. ECF No. 1 at ¶ 23. Gilmour Academy has a Hockey Program which includes both a 16U and 18U "Prep" team that sometimes travel together to attend tournaments. *Id.* at ¶16. Timon S. Veach, Michael Chiellino, Joseph H. Nook III, Jonah Williams, and Mark Ferfolia, Jr. were coaches of the hockey teams. *Id.* at 17. Plaintiff became a student/athlete at Gilmour Academy starting in the spring of 2021. *Id.* at 26. Co-Defendant Students were also hockey players at Gilmour Academy. *Id.* at ¶ 32.

In January 2021, Gilmour Academy's 16U and 18U hockey teams traveled to Lake Placid, New York for the Northwood Invitational Hockey Tournament. *Id.* at ¶ 31. The tournament

spanned at least 3 days (January 14-16). *Id.* at ¶ 43. The teams stayed at the Lake Placid Summit Hotel and Suites. *Id.* at ¶ 34.

Plaintiff alleges that while at the hotel, his fellow teammates committed acts of sexual misconduct against him, at least two of which were recorded by one of his teammates and disseminated to "others" using the application "Snapchat." ECF No. 1 at ¶ 50.

Plaintiff's first cause of action against the Gilmour Defendants is for Negligence, Gross Negligence, Recklessness, and Failure to Exercise a Reasonable Standard of Care. *Id.* at p. 10. Plaintiff's second cause of action against the Gilmour Defendants is for Negligent Training and Negligent Supervision. *Id.* at 12. The focus of this motion, however, is Plaintiff's Third Cause of Action, "For Receipt and Possession of Child Pornography, 18 USC §2252 and 2252A." First, it should be noted that the heading for Plaintiff's Third Cause of Action expressly states that it is only directed to the Co-Defendant students. The paragraphs that follow essentially restate the statutes, explaining that 18 USC §2252 prohibits the knowing receipt of a visual depiction of a minor engaging in sexually explicit conduct and that 18 USC §2252A(a)(5)(B) prohibits the knowing possession or receipt of a visual depiction of child pornography. *Id.* at §81. Gilmour Academy is only mentioned once within this cause of action, specifically that, "Defendant Gilmour[1] knowingly accessed with intent to view child pornography depicting Plaintiff." *Id.* at ¶ 85. This is the *one and only time* Gilmour Academy, or any of the Gilmour Defendants, are mentioned with respect to the videos. See *id.*

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a Complaint or cause of action may be dismissed for failing to state claim upon which relief can be granted. In order to survive a

---

[1] Plaintiff defined "Defendant Gilmour" as the Gilmour Academy only; this does not include the coaches who are also named in the Complaint. ECF No. 1 at ¶ 15.

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint – or individual cause of action - must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" only when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. (quoting *Twombly*, 550 U.S. at 557) (plaintiff must show "more than an unadorned, the-defendant-unlawfully-harmed me accusation" if his case is to survive). While a court must accept factual allegations as true at this stage, this tenet is inapplicable to conclusory allegations, unreasonable inferences or unwarranted deductions of fact contained in the pleading, and a pleading, "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678 (quoting *Twombly* at 555); *Arista Records*, *LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). If a plaintiff's allegations "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

I.     **<u>Plaintiff's Third Cause of Action Must be Dismissed Against Gilmour Academy Because It Fails to State Any Claim as a Matter of Law.</u>**

The Plaintiff failed to state a claim in his Third Cause of Action against Gilmour Academy for violation of 18 USC §2252 and 2252A. Even taking the Plaintiff's allegations as true, he did not properly allege that Gilmour Academy, or any of its representatives, accessed child pornography with the intent to view child pornography of the Plaintiff or that said video was

transported/produced by way of interstate or foreign commerce, as required by both §2252 and §2252A.

First and foremost, it should be highlighted that when preparing the Complaint, Plaintiff expressly states in the heading that only the Co-Defendant students violated these federal statutes, not any of the Gilmour Defendants. The caption to this cause of action reads, "**AS AND FOR THE THIRD CAUSE OF ACTION AGAINST [CO-DEFENDANT STUDENTS] FOR RECEIPT AND POSSESSION OF CHILD PORNOGRAPHY, 18 U.S.C. §2252 and § 2252A.**" ECF No. 1 at p. 14. Nowhere in the heading of this allegation are any of the Gilmour Defendants mentioned. In contrast, the headings for both the first and second causes of action specifically name, "Defendant Gilmour" (Gilmour Academy) and "Defendant Coaches." *Id.* at p. 10 & 12. Not naming any of the Gilmour Defendants in the caption cannot be said to be a mistake or oversight on part of the Plaintiff, especially given that the previous two causes of action specifically name all Gilmour Defendants. Rather, it shows that the Plaintiff himself believes that it is only the Co-Defendant students who could be held liable under these statutes.

Additionally, within the seven paragraphs that make up the Third Cause of Action, Gilmour Academy is only ever mentioned once. *Id.* at ¶ 85. This paragraph, which is in reality a single sentence, is slim, reading, "Defendant Gilmour Academy knowingly accessed with intent to view child pornography depicting Plaintiff." *Id.* This single sentence lacks any factual support and equates to a formulaic recitation of an element of the cause of action which, is in and of itself enough reason to dismiss this cause of action against Gilmour Academy.

Second, the *entire Complaint* is bare of any facts that could be said to support a claim against Gilmour Academy with respect to the Federal Statute. While the Plaintiff does not specify a subsection in 18 USC §2252 that was violated, given the language used in the Complaint it

IMANAGE\7267\0184\54363941.v1-11/24/25

appears he is alleging a violation of subsection (a)(2) and (4)(B) which provide liability for the following:

> "Any person who - knowingly receives, or distributes, "any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce including by computer or through the mails, if— (A)the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B)such visual depiction is of such conduct." 18 USC § 2552(a)(2).

> "Any Person who - knowingly possesses, or knowingly accesses, "with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if— (i)the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii)such visual depiction is of such conduct." 18 USC § 2252(4)(B).[2]

Plaintiff does specify the subsection of §2252A he claims has been violated; (a)(5)(B). That section provides liability for:

> "Any person who - knowingly possesses, or knowingly accesses, "with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 USC §2252A(a)(5)(B)

Clearly these statutes are similar. In order to be liable under either of these statutes Gilmour Academy must have 1) knowingly accessed 2) with intent to view 3) videos containing a visual

---

[2] It is clear from the language in Plaintiff's Complaint that he is asserting the individual Co-Defendant Students violated 18 USC §2252(a)(2) and Gilmour Academy violated 18 USC §2252(4)(B). ECF No. 1. at ¶82-85.

depiction involving the use of a minor engaging in sexually explicit conduct and/or child pornography, and 4) those videos must have been transported using or affecting interstate or foreign commerce, or been produced using materials transported in or affecting interstate or foreign commerce. Essentially Plaintiff has to show that Gilmour Academy knowingly accessed with intent to view the alleged videos of the Plaintiff containing the events at issue and those videos must have been received or produced using interstate or foreign commerce.

In his Complaint, the Plaintiff states that "Defendant Gilmour knowingly accessed with intent to view child pornography depicting Plaintiff." ECF No. 1. Plaintiff's Complaint is completely devoid of any facts supporting this blanket recitation of the law.

It is not as if Plaintiff failed to state any facts at all, which explains why we are not challenging the first two causes of action at the pre-answer stage. The Plaintiff has alleged that the Gilmour Coaches' rooms were not close to the student athletes, that they did not supervise or monitor the rooms, that the Gilmour Defendants should have been aware of hazing, and that two of the student codefendants were expelled for the alleged abuse at issue. *Id.* However, nowhere in the entire Complaint does the Plaintiff allege any facts that even suggest the videos taken by Defendant #9 were accessed or viewed by any of the Gilmour Defendants. In fact, these videos are only mentioned three times throughout the Complaint. In paragraphs 47 and 49, Plaintiff alleges that Defendant #9 recorded the actions and, in paragraph 50, Plaintiff alleges that the videos were disseminated via Snapchat (but not by or to Gilmour Academy). *Id.* at ¶47-50.

The fact a student took videos is not enough to allow the court to draw a reasonable inference that Gilmour Academy – an educational institution - accessed and viewed the videos. The fact that Plaintiff claims the videos were disseminated via Snapchat, "upon information and belief", without any other facts alleged, such as when they were sent, who they were sent to, or

importantly, who viewed them, is also clearly insufficient to allege Gilmour Academy viewed the videos or that the videos were produced/transported through interstate or foreign commerce. See *Jackson v City of Syracuse*, 2021 US Dist LEXIS 157578, at *19 (NDNY Aug. 20, 2021, No. 5:20-CV-1215) (stating the phrase "upon information and belief, "is an insufficient legal conclusion that cannot overcome Plaintiff's burden to allege facts plausibly suggesting a basis" to impose liability). Finally, the fact that two of the students were expelled is not enough to reasonably infer that any of the Gilmour Defendants must have viewed the videos in the manner described by the statute, especially given the fact that the two students expelled were not accused of taking the video.  Gilmour may question the severity and intent of the abuse alleged in the Complaint, but it does not challenge Plaintiff's claims that he was subjected to inappropriate conduct that warranted expulsion of two students.  Gilmour Academy did not have to view a video in order to come to this conclusion.

Plaintiff does not allege that any of the Gilmour Defendants accessed any videos, viewed them with the intent to view child pornography of the Plaintiff, nor how those videos were received, accessed, or allegedly viewed by Gilmour Academy. Plaintiff has not identified the specific Gilmour representative who allegedly viewed the video, nor does he even attempt to articulate the basis of his belief that it was viewed and that the alleged viewing violated the statute. Plaintiff also has not alleged sufficient facts to support a reasonable inference that the videos that were allegedly viewed were transported using any means or facility of interstate or foreign commerce, or that they were produced using materials transported in or affecting interstate or foreign commerce. While Plaintiff states the videos were initially disseminated amongst other students using the Snapchat application, he has not provided any facts in his Complaint to support such allegation, let alone to connect this with Gilmour Academy.  Even if initially transmitted via

Page **7** of **12**

Snapchat, there is no allegation in the Complaint demonstrating the method in which the video was obtained and/or viewed by Gilmour Academy.

It is clear the facts as pleaded do not permit the Court to infer more than the mere possibility of misconduct. The Complaint is devoid of the factual allegations necessary to establish each element of the Third Cause of Action as to Gilmour Academy. Realistically, the Plaintiff does not even suggest the mere possibility of misconduct at all, which, even if they had, would not be sufficient to state a claim against Gilmour Academy or any of the Gilmour Defendants to begin with. The Plaintiff has not pleaded factual content that would allow the Court to draw a reasonable inference that Gilmour Academy, or any of the Gilmour Defendants, are guilty of accessing with the intent to view any videos depicting Plaintiff, and therefore the Plaintiff's Third Cause of Action against Gilmour Academy should be dismissed.

## II.     18 USC 2252 and 2252A Are Not Applicable to Gilmour Academy as Pled.

The purpose of 18 USC Chapter 110, including §§2252 and 2252A, is to prohibit the sexual exploitation of children and the "distribution, possession, receipt, reproduction, sale or transportation of material depicting children engaging in sexually explicit conduct." S. Rep. No. 104-358, (1996) at 7. The sections at issue were enacted in part because of the "serious threat to the physical and mental health, safety and well-being of our children" that child pornography inflicts. *Id.* Notably, each section is directed at *persons* who violate them. 18 USC §2252 (a); 18 USC 2252A(a).

Plaintiff specifically alleges that Gilmour Academy violated §2252 and §2252A. ECF No. 1 at ¶ 85. Gilmour Academy is an institution. *Id.* at ¶ 15&24. It is impossible for Gilmour Academy, an overarching organization of a brick-and-mortar campus, to knowingly access anything. For Gilmour Academy to be liable for anything it must be pled that one of its employees, acting within

the scope of their employment, committed an act that is therefore imputed to Gilmour Academy. Plaintiff failed to allege that any person, let alone one of the Gilmour Defendants, viewed the videos at issue in order to impute this liability onto Gilmour Academy.

The specific language of these statutes further supports this analysis. On its face and in practice, 18 USC §2252 and 18 USC 2252A are meant to penalize "any person who" violates one of the enumerated subsections of the statute. 18 USC §2252 (a); 18 USC 2252A(a). Therefore, the Plaintiff must allege that *a person* committed the acts enumerated under the statutes to be liable under the statutes. As stated above, the Plaintiff failed to allege any facts that show anyone at Gilmour Academy viewed any video. The Plaintiff has stated the Defendant Coaches' room were too far from the student athletes' rooms at the hotel, that they did not properly supervise the hockey team, did not properly monitor the rooms, and did not set rules or provide guidance to the student athletes on the trip, but nowhere within the Complaint did the Plaintiff even suggest that any of the Coaches knew of the misconduct or a video. ECF No. 1. On the contrary, Plaintiff essentially admitted that he did not tell any of the Coaches about the misconduct. ECF No. 1 at ¶ 39.

Again, as stated above, the fact the Plaintiff made this allegation specifically against the codefendant students, and only mentions Gilmour Academy in a single sentence within, is not a simple error. The Plaintiff has specifically named Gilmour Academy and the "Defendant Coaches" in the previous causes of action, both in the captions and throughout the body. *Id.* at ¶56-79. Without any facts to support that an employee of Gilmour Academy committed an act that would be considered a violation of 18 USC § 2252 or § 2252A, Gilmour Academy cannot be liable under the statute.

Even if the Court was to somehow conclude that Plaintiff plead sufficient facts to plausibly show that one or more of the Gilmour Defendants accessed and viewed any video of Plaintiff

IMANAGE\7267\0184\54363941.v1-11/24/25

engaged in the enumerated explicit conduct, the purpose of the statute would not be violated. The statute is intended to protect children from exploitation. It is meant to punish offenders whose goal it is to exploit or thrive off such child pornographic images.  Had the Gilmour Defendants or any Gilmour Academy representative viewed the videos at issue as part of an investigation into Plaintiff's allegations, it would not be to exploit the Plaintiff further, but instead to protect him from further harm. Similar to law enforcement, receipt of a sexually explicit video in the context of an investigation into an allegation of sexual misconduct would not run afoul of the statute.

This analysis is supported by the fact that both §2252 and §2252A provide an affirmative defense that reads:

> "It shall be an affirmative defense to a charge of violating paragraph (4) of subsection (a) that the defendant—(1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and (2)promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof— (A)took reasonable steps to destroy each such visual depiction; or (B)reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction." 18 USC § 2252 (c).

> "It shall be an affirmative defense to a charge of violating subsection (a)(5) that the defendant—(1)possessed less than three images of child pornography; and (2)promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof— (A)took reasonable steps to destroy each such image; or (B)reported the matter to a law enforcement agency and afforded that agency access to each such image." 18 USC §2252A (d).

Clearly the statute is not intended to impose liability on those who either mistakenly access and view child pornography or people who may be required to view such depictions during an investigation, or else the statutory affirmative defenses would not have been added. It is important to note that the Plaintiff has only alleged that at maximum two videos exist (i.e. less than 3). ECF No. 1. Therefore, even if the Court determines that Plaintiff's cause of action is properly plead,

IMANAGE\7267\0184\54363941.v1-11/24/25

there can be no question that Gilmour Academy is entitled to the affirmative defenses referenced above.

The fact that the Plaintiff's allegation is against Gilmour Academy and not a *person* within Gilmour Academy, is enough to dismiss this cause of action against the Academy. Even if Plaintiff pled facts that support one of the Gilmour Defendant Coaches or other employees accessed the videos at issue (which the Complaint does not), the statutes at issue are meant to punish individuals who commit the enumerated acts for the purposes of sexual exploitation or gratification, not individuals who are investigating the allegations that the statutes aim to prevent. Therefore, because the facts as pled do not state a claim against Gilmour Academy, or any Gilmour Defendants that could be imputed to the Gilmour Academy, Plaintiff's Third Cause of Action should be dismissed.

IMANAGE\7267\0184\54363941.v1-11/24/25

**CONCLUSION**

For all reasons stated above, the defendants, Gilmour Academy, Timon S. Veach, Michael Chiellino, Joseph H. Nook III, Jonah Williams, and Mark Ferfolia, Jr. respectfully request that Plaintiff's Third Cause of Action which is arguably directed against Gilmour Academy, be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, with prejudice.

Dated: Buffalo, New York
       November 24, 2025

                                      **GOLDBERG SEGALLA LLP**


                                      _____
                                      Michael E. Appelbaum
                                      *Attorneys for the Gilmour Academy, Timon S.*
                                      *Veach, Michael Chiellino, Joseph H. Nook, III,*
                                      *Jonah Williams, and Mark Ferfolia, Jr.*
                                      665 Main Street
                                      Buffalo, NY 14203-1425
                                      mappelbaum@goldbergsegalla.com
                                      Phone: 716-566-5400

TO:  **All Counsel of Record**

IMANAGE\7267\0184\54363941.v1-11/24/25