**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

"MARK",

                              Plaintiff,

                                                      8:25-CV-1110
          v.                                          (GTS/DJS)

GILMOUR ACADEMY, *et al.*,

                              Defendants.


**APPEARANCES:**                              **OF COUNSEL:**

THOMAS COUNSELORS AT LAW, LLC        KATHLEEN R. THOMAS, ESQ.
*Attorney for Plaintiff*
One World Trade Center, 85th Fl.
New York, New York 10007


MARSH LAW FIRM PLLC                  MARGARET E. MABIE, ESQ.
*Attorney for Plaintiff*             JAMES R. MARSH, ESQ.
31 Hudson Yards, 11th Fl.
New York, New York 10001


GOLDBERG SEGALLA LLP                 MICHAEL APPELBAUM, ESQ.
*Attorney for Gilmour Academy, Veach,*
*Chiellino, Nook, Ferfolia, and Williams*
665 Main Street
Buffalo, New York 14203


HANCOCK ESTABROOK, LLP               MARY L. D'AGOSTINO, ESQ.
*Attorney for Defendant #7*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202


RIVKIN RADLER LLP                    BENJAMIN J. WISHER, ESQ.
*Attorney for Defendant # 8*
2649 South Road – Suite 100
Poughkeepsie, New York 12601

Defendant # 9
*Pro se*
Pickerington, OH 43147

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

Plaintiff brings this action, pursuant to New York State and Federal law, alleging that he was sexually assaulted and videotaped in 2022 while on a school sponsored trip. *See generally* Dkt. No. 1, Compl. The Complaint was filed on August 15, 2025. *Id.* Plaintiff filed the Complaint utilizing the name "Mark," but in the Complaint he identified, by name, the individual Defendants, including three fellow students at the Gilmour Academy. *Id.* Approximately 4 months later, Plaintiff filed a Motion for Leave to Proceed Under a Pseudonym. Dkt. No. 45. In the meantime, the three fellow students, Defendants # 7 (represented by Mary D'Agostino), Defendant # 8 (presently represented by Benjamin Wisher), and Defendant # 9 (appearing *pro se*) (collectively, the "Student-Defendants"), filed their own Motions to Proceed Anonymously, and to have their names removed from the docket. Dkt. Nos. 18, 20, 22, 28, & 51. Plaintiff's counsel has opposed Defendant # 7's Motion to proceed using a pseudonym. Dkt. No. 46. The Student-Defendants have likewise objected to Plaintiff's Motion to proceed as "Mark." Dkt. Nos. 48, 50 & 51. Defense counsel has proposed, in the alternative, that *all* the then-minor parties be granted the ability to proceed anonymously. *See* Dkt. No. 28-1 at p. 4 ("Fairness demands parity of treatment"); Dkt. No. 51 at p. 16.

- 2 -

For the reasons further detailed below, Plaintiff's and Defendants ## 7, 8, and 9's Motions to proceed under a pseudonym are **GRANTED**, subject to further order of the Court.

## I.  BACKGROUND

On or about January 14, 2022, Plaintiff and other players and coaches of the Gilmour Academy hockey team traveled from Ohio to Lake Placid, New York to attend the Northwood Invitational Hockey Tournament.  Compl. at ¶¶ 31-32.  Plaintiff was 16 years old at the time, *id.* at ¶ 33, and the Student-Defendants were minors.  Dkt. No. 28-1 at p. 4.  During the trip Plaintiff alleges that he was sexually assaulted and hazed by members of the hockey team, including the 7th and 8th named Defendants.  Compl. at ¶¶ 45-51.  It is further alleged that Defendant # 9 videotaped the sexual assault of Plaintiff, which was then disseminated to others via "Snapchat" or other means.  *Id.* at ¶¶ 47 & 49-50.

The first two causes of action in the Complaint are against the Academy and its coaches for their purported failure to supervise the students and intervene to stop the misconduct, and alleges negligence, gross negligence, and recklessness.  *Id.* at ¶¶ 56-79. The Complaint against the Student-Defendants alleges that they received and possessed child pornography in violation of 18 U.S.C. §§ 2252 and 2252A.  *Id.* at ¶¶ 80-87.  The Complaint seeks statutory liquidated damages in the amount of $150,000 against each fellow student, as well as fees and costs.  *Id.* at ¶ 87.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a)'s requirement that every complaint "name all parties" is not absolute.  Rather, it is within a court's discretion to allow a plaintiff to proceed in an action anonymously.  *See*, *e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015).  In exercising that discretion, courts must consider the following factors on balance:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted).  Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

### III.  DISCUSSION

Having considered the record and the arguments of the parties, and balancing the *Sealed Plaintiff* factors, the Court finds that all the pending Motions to proceed anonymously should be granted, subject to a further order of the Court.

### A.  Factor 1: Matters of Highly Sensitive and Personal Nature

Courts have repeatedly found matters of sexual misconduct "highly sensitive." *See Roe v. RPI*, 2023 WL 3853647, at *7 (N.D.N.Y. Mar. 8, 2023); *A.B. v. Hofstra Univ.*, 2018 WL 1935986, at *2 (E.D.N.Y. Apr. 24, 2018).  In fact, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). Given the nature of the claims presented, the first factor weighs heavily in favor of Plaintiff's anonymity.  Further, the serious nature of the allegations against the Student-Defendants, which involve both sexual and potentially criminal conduct, combined with their age at the time of the events in question, also weighs in favor of their Motions.

**B. Factors 2 and 3: Potential for Harm**

Factors two and three weigh marginally in favor of allowing Plaintiff and the Student-Defendants to proceed anonymously. These factors focus on the harm that identification would cause parties. The relevant inquiry for these factors is "whether disclosure of [a party's] name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca USA, Inc*., 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d at 529). Conclusory statements regarding harm are of "limited utility." *Rapp v. Fowler*, 537 F. Supp. 3d at 530. Where a movant claims that disclosure will harm their mental health, courts in this Circuit generally look for corroboration from medical professionals that detail the risk to the movant. *See Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020). Plaintiff's counsel generally avers that Plaintiff has received counseling because of the incident, Dkt. No. 45-1 at ¶ 9, but no medical evidence or counseling report was presented on this issue from either Plaintiff or the Student-Defendnats.

Additionally, Plaintiff argues in support of his Motion that if his identity is disclosed it would compound the emotional distress that has resulted from the sexual conduct and hazing by his fellow students alleged in the Complaint, and further that there are individuals who collect child pornography and who might seek to obtain the video if he is identified by name, thus increasing his damage. *See* Dkt. No. 45-2. The Court accepts this argument as a legitimate justification for anonymity, at least for a period while discovery is ongoing.

The arguments by the Defendants that they would suffer stigma and harm as a result of the allegations made by the Plaintiff are also generally conclusory. However, the Court again is swayed by the nature of the allegations as well of the age of the parties in concluding that this factor swings in favor of the utilization of pseudonyms, at least for the period of discovery. *Malibu Media, LLC v. Doe*, 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015) ("Judges in this District regularly permit defendants to proceed anonymously in cases similar to this one, where the defendant has been accused of illegally downloading adult videos, because of the 'highly embarrassing and potentially sensitive and personal nature of such accusations,' the risk of misidentification … and the fact that 'the public's interest is not necessarily furthered by knowledge of the defendant's specific identity.'") (quotations and citations omitted).

### C.  Factor 4: Vulnerability

The fourth factor requires courts to determine "whether the [movant] is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [the movant's] age." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. Age is a critical factor in making this determination because "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Rapp v. Fowler*, 537 F. Supp. 3d at 530. Indeed, the Local Rules of the Northern District specifically prevent the identification of minors or sexual assault victims. L.R. N.D.N.Y. § 5.2(a). While it may be correct that the minors have now just reached the age of majority, the events in question occurred while they were underage, and the Court can and has considered this as a

significant factor.  The fourth factor therefore weighs in favor of allowing the then-minor parties to proceed anonymously in this matter.

### D.  Factors 5, 8, and 9: Public Interest

Factors five, eight, and nine all relate to the public's interest in knowing the parties' identities.

The fifth factor considers "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.   Lawsuits against the government "involve no injury to the Government's reputation." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012).  On the other hand, suits against private parties "may cause damage to their good names and reputations," among other things.  *Id.*  In the present case, defense counsel correctly notes that by granting equality in anonymity for the individual students, the Court would significantly reduce any argument of prejudice.  Dkt. No. 28-1 at pp. 4-5.

"The eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Doe v. Leonelli*, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).  Conversely, the ninth factor "looks to whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities." *Rapp v. Fowler*, 537 F. Supp. 3d at 532.

Plaintiff identifies the public interest in protecting the identities of sexual assault victims.  Dkt. No. 45.  The Court agrees that this is certainly a strong public interest; however, this interest alone has been "repeatedly rejected . . . as an adequate basis by

itself to warrant anonymity." *Doe v. Telemundo Network Grp. LLC*, 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023). In addition, there is also countervailing public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity where the matter proceeds to trial. *Doe v. Combs*, 2024 WL 863705, at *5 (S.D.N.Y. Feb. 29, 2024) (citing *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2). The public also has a strong interest in knowing the underlying facts of a litigation, including the identities of litigants. *See*, *e.g.*, *Doe v. Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities."). Plaintiff alleges that he was sexually assaulted and sexually harassed. *See generally* Compl. These allegations are of the type that "further the public's interest in enforcing legal and social norms*." N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8.

The Court notes, however, that the public generally does not have a significant interest in the intricacies of discovery in civil litigation. *See*, *e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) ("public interest in particular litigation does not generate a public right of access to all discovery materials"). The Motions in this case present a unique situation, in that the Academy and the coaches are not moving for anonymity, but both the Plaintiff and the Student-Defendants are. In the Court's view, the public's interest in the matter at this state of the litigation will be primarily satisfied by notice of the nature of the allegations, the date of the event, the incident location, the school involved, and issues regarding the school's supervision or

lack thereof. The identity of the minor students who were alleged to have been involved, either as a victim, or as perpetrators or observers, are less compelling at this juncture. Importantly, this factor may well change if the matter proceeds to trial, at which time the credibility of the witnesses will be crucial, and the matter will proceed in open court. How the Court will handle anonymity is best left in the discretion of the presiding judge.

Therefore, the public interest factors weigh only slightly against anonymity in this action during the discovery phase, but this factor is subject to change.

### E. Factor 6: Prejudice to Defendants

Factor six requires the Court to analyze the prejudice Defendants will face if Plaintiff were permitted to proceed anonymously. Where, as here, the allegations are of a highly sensitive and personal nature, the potential for harm flows not only to Plaintiff but to the individual Student-Defendant as well. *See Anonymous v. Simon*, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff."). "Courts will examine the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Doe v. Townes*, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020).

As noted above, by granting joint anonymity to the Plaintiff and Student-Defendants, the potential harm to the Defendants has been mitigated. With regard to discovery, the Court is not aware of any significant prejudice to the Defendant's case. Defendants are aware of the identify of "Mark" as they were his classmates. It has not been alleged or established that discovery would be in any way hindered by both sides

- 10 -

proceeding anonymously. *See, e.g., John Doe v. Sean Combs*, 2026 WL 742650, at *2 (2d Cir. Mar. 17, 2026) ("Defendants would be highly prejudiced should Plaintiffs proceed under a pseudonym because of likely asymmetries in fact-gathering (factor six).").

Courts have identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff . . . make[s] her accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. at 225. In this case, the Court has attempted to mitigate any prejudice by allowing both the Plaintiff and the Student-Defendants to proceed under a pseudonym. The risk of prejudice and the right of the public to know the identities of the parties, especially were this matter to proceed to trial, does cause the Court concern. At this early stage of the litigation, however, that risk has been overcome by the identified interests in confidentiality. For these reasons, the sixth factor weighs in favor of Plaintiff's identity remaining anonymous at least for the time being, subject to a demonstrated change of circumstances.

## F. Factor 7: Prior Confidentiality

The seventh factor, which inquires as to the status of a party's confidentiality thus far in the litigation, weighs evenly. The Plaintiff has maintained his confidentiality throughout the proceedings but has affirmatively named the individual Student-Defendants. In all fairness, this factor, which is within the sole control of Plaintiff and his counsel, cannot be considered against the moving Defendants.

### G. Factor 10: Alternative Mechanisms

Finally, factor ten "examines whether there are other mechanisms, including sealing, redaction of documents, protective orders and confidentiality agreements, that could protect the plaintiff's confidentiality." *Doe v. Combs*, 2024 WL 863705, at \*5. Here, it seems likely that a protective order will be necessary, but it is unlikely to address the competing privacy interests of Plaintiff and Defendants.   On balance, therefore, this factor is neutral.

### IV.  CONCLUSION

Taken together, the Court concludes that the appropriate course of action at this juncture is to permit Plaintiff and Defendants ## 7, 8, and 9 to proceed anonymously "until such time as the Court orders the name to be disclosed." *Doe v. Delta Air Lines, Inc.*, No. 1:13-CV-6287, Dkt. No. 2 (S.D.N.Y. Sept. 6, 2013).  This will allow the parties to proceed through at least the initial stages of discovery while maintaining the students' confidentiality but permit each side to make an application to the trial court to require disclosure of the students' identities at trial in the event that circumstances of the litigation warrant such a change, particularly if a party can demonstrate specific prejudice inuring against them.

The mechanics of implementing this Order are complex.  The Clerk is directed to correct the "Defendant" section of the Civil Docket, as well as docket entries which identify by name the 7th, 8th, and 9th Defendants consistent with this Order.  Motions to dismiss and amend are presently before Judge Glenn T. Suddaby.  Resolution of those motions will necessarily impact the parties and the nature of the pleadings.  Pending

decision, therefore, the Court directs that the Complaint and Plaintiff's Proposed Amended Complaint, Dkt. Nos. 1 & 57-1, be restricted from public access and limited to court staff and the parties only subject to further order from Judge Suddaby.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed Anonymously as "Mark" (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED**, that the seventh named Defendant's Motion for Leave to Proceed Anonymously as "Defendant # 7" (Dkt. No. 28), is **GRANTED**, and it is further

**ORDERED**, that the eighth named Defendant's Motion for Leave to Proceed Anonymously as "Defendant # 8" (Dkt. No. 51), is **GRANTED**, and it is further

**ORDERED**, that the ninth named Defendant's Motion for Leave to Proceed Anonymously as Defendant # 9 (Dkt. No. 20), is **GRANTED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: March 23, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge