UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

"MARK,"

Plaintiff,

v. 8:25-CV-1110 (GTS/DJS)

GILMOUR ACADEMY; TIMON S. VEACH, individually and as an agent of Defendant Gilmour Academy; MICHAEL CHIELLINO, individually and as an agent of Defendant Gilmour Academy; JOSEPH H. NOOK, III, individually and as an agent of Defendant Gilmour Academy; MARK FERFOLIA, Jr., individually and as an agent of Defendant Gilmour Academy; DEFENDANT #7; DEFENDANT #8; DEFENDANT #9; and JONAH WILLIAMS, individually and as an agent of Defendant Gilmour Academy,

Defendants.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| MARSH LAW FIRM PLLC<br>Counsel for Plaintiff<br>31 Hudson Yards, Floor 11<br>New York, NY 10001-2170 | MARGARET ELIZABETH MABIE, ESQ.<br>JAMES R. MARSH, ESQ. |
| THOMAS COUNSELOR AT LAW, LLC<br>Co-Counsel for Plaintiff<br>233 Broadway, Suite 820<br>New York, NY 10279 | KATHLEEN THOMAS, ESQ.<br>ERIN PEAKE, ESQ. |
| GOLDBERG SEGALLA LLP<br>Counsel for the Gilmour Defendants<br>665 Main Street<br>Buffalo, NY 14203 | MICHAEL APPELBAUM, ESQ. |
| HANCOCK ESTABROOK, LLP<br>Counsel for Defendant #7<br>1800 AXA Tower I<br>100 Madison Street<br>Syracuse, NY 13202 | MARY L. D'AGOSTINO, ESQ. |

DEFENDANT #8
*Pro Se* Defendant
662 Norfolk Square South
Pickerington, OH 43147-2065

DEFENDANT #9
*Pro Se* Defendant
13406 Ashley Creek Drive
Pickerington, OH 43147

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil action filed by Mark[1] ("Plaintiff") against the Gilmour Academy, Timon S. Veach, Michael Chiellino, Joseph H. Nook, III, Mark Ferfolia, Jr., and Jonah Williams ("Gilmour Defendants"), and Defendant #7,[2] Defendant #8,[3] and Defendant #9[4] (collectively "Defendants"), are the following five motions: (1) Defendant #8's motion to

---

[1] Plaintiff filed his Complaint under a pseudonym on August 15, 2025. (Dkt. No. 1.) On November 25, 2025, he sought permission to file a motion to proceed using that pseudonym, which the Court granted. (Dkt. Nos. 33, 34.) He filed that motion on December 10, 2025. (Dkt. No. 45.) His request to proceed under a pseudonym was granted on March 23, 2026. (Dkt. No. 82.)

[2] On October 29, 2025, Defendant #7 filed a motion requesting leave proceed under a pseudonym, which the Court deferred until Defendant #7 filed a fully supported motion or until Plaintiff's counsel consented. (Dkt. Nos. 19, 20.) On November 19, 2025, Defendant #7 filed that subsequent motion. (Dkt. No. 28.) His request to proceed under a pseudonym was granted on March 23, 2026. (Dkt. No. 82.)

[3] On December 31, 2025, Defendant #8 filed a motion seeking leave to proceed under a pseudonym. (Dkt. No. 51.) His request to proceed under a pseudonym was granted on March 23, 2026. (Dkt. No. 82.)

[4] On January 10, 2026, Defendant #9 requested leave to proceed under a pseudonym. (Dkt. No. 56.) His request to proceed under a pseudonym was granted on March 23, 2026. (Dkt. No. 82.)

dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 10(a) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) the Gilmour Defendants' motion to partially dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) Defendant #7's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 10(a), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (4) Defendant #9's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 10(a), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (5) Plaintiff's cross-motion to amend the Complaint. (Dkt. Nos. 31, 32, 53, 57, 60.) For the reasons set forth below, the motions of Defendant #7 and Defendant #8 are granted, Defendant #9's motion is denied, and the Gilmour Defendants' motion is granted, but Plaintiff's motion to amend the Complaint related to the Third Claim against Defendant Gilmour is granted such that the Third Claim against Defendant Gilmour is permitted to survive in that amended form.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, in Plaintiff's Complaint, he asserts the following three claims: (1) a claim for negligence, gross negligence, recklessness, and/or failure to exercise a reasonable standard of care against the Gilmour Defendants ("First Claim"); (2) a claim for negligent training and supervision against the Gilmour Defendants ("Second Claim"); and (3) a claim for receipt and

possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2252A against Defendant #7, Defendant #8, Defendant #9, and Defendant Gilmour ("Third Claim").[5] (Dkt. No. 1.)

**B. Parties' Briefing on the Defendants' Motions to Dismiss**

**1. Defendant #8's Motion to Dismiss**

**a. Defendant #8's Memorandum of Law**

Generally, in his motion, Defendant #8 makes two arguments. (Dkt. No. 31, Attach. 1.) First, Defendant #8 argues that the Complaint should be dismissed because it was filed pseudonymously without leave in violation of Fed. R. Civ. P. 10(a). (*Id.* at 7-8.)

Second, Defendant #8 argues that, in the alternative, the sole claim against him should be dismissed because Plaintiff has failed to allege facts plausibly suggesting that he engaged in the receipt and possession of child pornography in violation of the relevant statutes. (*Id.* at 9-11.) Specifically, Defendant #8 argues that (a) Plaintiff has not alleged facts plausibly suggesting possession or receipt because he has failed to allege that Defendant #9 (who is alleged to have recorded the relevant video) sent the video to Defendant #8 or that Defendant #8 ever otherwise received or possessed that video, (b) Plaintiff has not alleged that any receipt or possession occurred knowingly other than to make conclusory legal assertions, and (c) Plaintiff has failed to connect any allegations regarding the sharing of the video in interstate commerce with Defendant #8 specifically. (*Id.*)

[5] Although these are criminal statutes, Congress has developed a civil cause of action for victims of child pornography to sue individuals for engaging in, among other actions, receipt and possession of child pornography in which the victim is exploited. *See* 18 U.S.C. § 2255(a) ("Any person who, while a minor, was a victim of a violation of section … 2252, 2252A … of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court.")

**b. Plaintiff's Opposition Memorandum of Law and Cross-Motion to Amend the Complaint**

Generally, in opposition to Defendant #8's motion, Plaintiff makes three arguments. (Dkt. No. 58.) First, Plaintiff argues that the fact that he is using a pseudonym does not heighten the pleading standard that applies to his Complaint, Defendant #8's argument that dismissal is warranted is particularly unavailing because Plaintiff filed a motion for leave to proceed under a pseudonym that (at the time of briefing) was pending before the Court, and, nevertheless, Defendant #8 has identified no way in which he has been or will be prejudiced by Plaintiff's pseudonym because he is aware of Plaintiff's true identity. (*Id.* at 7-9.)

Second, Plaintiff argues that he has sufficiently pleaded facts to state his claim against Defendant #8 because a criminal conviction against the relevant defendant is not required to state the civil cause of action, and he has alleged that (a) he was in the video and a minor at the time it was recorded, (b) Defendant #8 possessed the video, and (c) the video depicts child pornography. (*Id.* at 9-11.)

Third, Plaintiff argues that, should the Court find his Complaint in any way deficient, he should be permitted an opportunity to amend to correct those deficiencies. (*Id.* at 11-12.)

**c. Defendant #8's Reply Memorandum of Law**

Generally, in reply, Defendant #8 makes three arguments. (Dkt. No. 67.) First, Defendant #8 argues that his arguments regarding the impropriety of Plaintiff's failure to obtain leave to proceed in this suit under a pseudonym are not an attempt to impose a heightened pleading standard, but rather a straight-forward requirement set forth in Fed. R. Civ. P. 10(a), and, regardless of the fact Plaintiff has now filed a motion seeking leave to use a pseudonym, the factors related to that consideration weigh against the granting of such motion. (*Id.* at 6-8.)

Second, Defendant #8 argues that the single conclusory assertion in the Complaint that he received and possessed the video is simply insufficient to state a plausible claim. (*Id.* at 8-9.)

Third, Defendant #8 argues that Plaintiff's cross-motion to amend the Complaint should be denied as futile because the proposed amendments do not remedy the defects in the Complaint's pleading given that the proposed Amended Complaint (a) still uses a pseudonym in place of Plaintiff's legal name, and (b) still fails to plead facts to plausibly suggest that Defendant #8 possessed the video knowingly or that the video was sent to him through interstate commerce. (*Id.* at 9-12.)

### 2. Gilmour Defendants' Motion to Partially Dismiss[6]

#### a. Gilmour Defendants' Memorandum of Law

Generally, in their motion, the Gilmour Defendants make two arguments. (Dkt. No. 32, Attach. 2.) First, the Gilmour Defendants argue that Plaintiff has failed to state a claim against Defendant Gilmour in his Third Claim because (a) the caption for such claim affirmatively indicates that is asserted against only the pseudonymous Defendants and (b) Defendant Gilmour is mentioned only once related to this claim and that single sentence alleges only that "Defendant Gilmour Academy knowingly accessed with intent to view child pornography depicting Plaintiff," which is entirely conclusory and without factual support. (*Id.* at 6-11.)

Second, the Gilmour Defendants argue that the relevant statutes underlying Plaintiff's Third Claim do not apply to Defendant Gilmour because it is not a person, but rather an institution, and Plaintiff has not alleged facts plausibly suggesting that any of its employees

---

[6] The Gilmour Defendants do not seek dismissal of either the First Claim or the Second Claim on this motion.

committed a relevant act within the scope of their employment that could render it liable under the statutes. (*Id.* at 11-12.) The Gilmour Defendants further argue that, even if Plaintiff had alleged that that one or more of the Gilmour Defendants had accessed or viewed the video (which he has not), he has not alleged facts plausibly suggesting that any such conduct was with the requisite culpable intent as opposed to, for example, related to an investigation into the incident. (*Id.* at 12-14.)

**b. Plaintiff's Opposition Memorandum of Law and Cross-Motion to Amend the Complaint**

Generally, in opposition to the Gilmour Defendants' motion, Plaintiff makes four arguments. (Dkt. No. 57.) First, Plaintiff argues that he has stated a claim against the Gilmour Defendants as to his Third Claim because the Court is required to accept his allegations as true at this stage and that "[a]lthough [he] does not have the benefit of discovery into the specific details and circumstances surrounding the Gilmour Academy Defendants' access with intent to view his child pornography, he has nevertheless adequately alleged that such access with intent to view occurred." (*Id.* at 7-8.)

Second, Plaintiff argues that his Third Claim against the Gilmour Defendants has been sufficiently pleaded because it puts them on notice of the claims against them and "adequately explains how the alleged violations of the predicate statutes harmed the Plaintiff." (*Id.* at 8-10.) Plaintiff further argues that such a claim can be found even where a complaint alleges an attempt to violate the statutes and requires only a showing by a preponderance of the evidence for liability to be warranted. (*Id.*)

Third, Plaintiff argues that his Third Claim against the Gilmour Defendants should not be dismissed with prejudice, but that he should rather be granted an opportunity to file an amended

complaint, and the Court should consider the submitted proposed amended complaint when deciding the Gilmour Defendants' motion and dismiss the claim only without prejudice to permit amendment after discovery. (*Id.* at 11-13.)

Fourth, Plaintiff argues that, because the Gilmour Defendants have not filed an answer and only sought dismissal of the Third Claim, it has not provided any response to the first two claims and thus the Clerk of Court should issue an Entry of Default as to those claims. (*Id.* at 13.)

**c. Gilmour Defendants' Reply Memorandum of Law**

Generally, in reply, the Gilmour Defendants make five arguments. (Dkt. No. 61.) First, the Gilmour Defendants argue that Plaintiff has failed to provide any valid reason why the allegations in the Complaint can be considered sufficient to state his Third Claim against Defendant Gilmour, and the proposed amended complaint does not remedy this deficiency because (a) Plaintiff's new allegations that the pseudonymous Defendants all sent the video to "others" does not plausibly suggest they sent it to Defendant Gilmour, and (b) their additional allegations that an administrator for Defendant Gilmour had seen the video as part of the investigation conducted by the police do not suggest a claim upon which relief can be granted given that the viewing of the video by the Defendant Gilmour's employee was not done with the intent to view child pornography but rather as part of the investigation into Plaintiff's reports about the pseudonymous Defendants' actions. (*Id.* at 6-9.)

Second, the Gilmour Defendants argue that Plaintiff's Third Claim has not been sufficiently pleaded and is not legally cognizable against Defendant Gilmour because (a) Plaintiff's conclusory allegations do not give fair notice of the grounds upon which that claim

rests, (b) Plaintiff's argument that he must only allege an attempt to violate the relevant statutes is not applicable to the factual circumstances given that he has not alleged that Defendant Gilmour made any attempt to violate the statutes, and (c) Defendant Gilmour's arguments do not rely on any distinction between a completed offense and an attempt or on whether it was criminally convicted of a violation of the statutes or not, and so Plaintiff's arguments on that point are moot. (*Id.* at 9-11.)

Third, the Gilmour Defendants argue that Plaintiff has failed to provide any opposition to multiple arguments that they raised in their opening memorandum of law, including that the statutes do not apply to Defendant Gilmour as an institution and that Defendant Gilmour's actions nevertheless did not violate either statute in light of affirmative defenses. (*Id.* at 11-15.)

Fourth, the Gilmour Defendants argue that Plaintiff's Third Claim against Defendant Gilmour should be dismissed with prejudice because the additional allegations in the proposed amended complaint (a) do not plausibly suggest that the statute is applicable to Defendant Gilmour as an institution, and (b) do not cure the defects in that claim, but instead emphasize that any action taken by an employee of Defendant Gilmour related to the video is subject to an affirmative defense. (*Id.* at 15-17.)

Fifth, the Gilmour Defendants argue that the fact that they filed a motion to dismiss as to only one of the three claims does not entitle Plaintiff to an entry of default on the other claims because Fed. R. Civ. P. 12(a)(4) suspends the time to file a responsive pleading until 14 days after the Court issues a decision on a pending motion pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at 17-18.)

**3. Defendant #7's Motion to Dismiss**

**a. Defendant #7's Memorandum of Law**

Generally, in his motion, Defendant #7 makes three arguments. (Dkt. No. 53, Attach. 2.) First, Defendant #7 argues that Plaintiff has failed to plead facts plausibly suggesting each element of the predicate criminal offenses because the allegations are conclusory and do not contain necessary factual amplification to render them plausible, and he has not alleged any relevant conduct taken specifically by Defendant #7 as opposed to other Defendants. (Id. at 11-15.)

Second, Defendant #7 argues that the Third Claim against him should be dismissed for lack of subject-matter jurisdiction because, given that the purpose of the relevant civil cause of action is to protect minors, Defendant #7 (who was also a minor at the relevant time) is presumptively exempted from liability where the video in question also depicts *him* in an exploitative manner. (Id. at 16-18.) Defendant #7 argues, however, that if the Court disagrees, he should be permitted to conduct limited jurisdictional discovery on the issue. (Id. at 18-19.)

Third, Defendant #7, like Defendant #8, argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 10(a) based on Plaintiff's failure to seek leave to proceed under a pseudonym until four months after the action was commenced. (Id. at 19.)

**b. Plaintiff's Opposition Memorandum of Law**

Generally, in his opposition to Defendant #7's motion, Plaintiff makes five arguments. (Dkt. No. 62.) First, Plaintiff argues that his allegations made "on information and belief" are properly supported by other facts and sufficient to put Defendant #7 on notice of the claims against him. (*Id.* at 13-14.)

Second, Plaintiff again argues that a claim can be stated under the relevant civil law even where a complaint alleges an attempt to commit the predicate offenses and that he is required only to show a violation by a preponderance of the evidence. (*Id.* at 14-16.) He further argues that (a) Defendant #7's own characterization of his conduct in one of the videos suggests that Plaintiff was sexually assaulted by Defendant #7, (b) Defendant #7 is incorrect that there is only one video at issue here, and (c) Plaintiff has explicitly alleged details related to a video involving Defendant #7, which are sufficient to state his claim. (*Id.*)

Third, Plaintiff argues that, should the Court find this claim deficient in any manner, it should dismiss it only without prejudice and grant Plaintiff leave to amend the Complaint (and indeed it should consider the allegations in the proposed amended complaint when deciding Defendants' motions). (*Id.* at 17-19.)

Fourth, Plaintiff argues that there is no absence of subject-matter jurisdiction as to the claim against Defendant #7 because the civil statute under which that claim has been brought provides for national jurisdiction in federal court. (*Id.* at 19-20.)

Fifth, Plaintiff argues that there is no basis for dismissing the Complaint based on his use of a pseudonym because past orders of this Court render that use permissible and Defendant #7 has failed to even suggest how he is prejudiced by Plaintiff's use of a pseudonym. (*Id.* at 20-22.)

**c. Defendant #7's Reply Memorandum of Law**

Generally, in reply, Defendant #7 makes two arguments. (Dkt. No. 73.) First, Defendant #7 argues that Plaintiff has failed to allege nonconclusory facts to plausibly suggest that the relevant video depicting Defendant #7 meets the statutory definition of sexually explicit material

or that he acted with the required intent, and failed to meaningfully address the arguments asserted by Defendant #7 on this issue. (*Id*. at 2-4.)

Second, Defendant #7 argues that Plaintiff has failed to respond to the substance of his argument that jurisdiction is lacking on the basis that he, too, was a minor at the time the video was taken and he is therefore exempted from liability given that the civil statute also is intended to protect him from exploitation. (*Id.* at 4-5.) Defendant #7 further argues that, to the extent Plaintiff argues that Defendant #7's motion on this issue is unsupported by facts, limited discovery of the investigative file of the local police department is warranted. (*Id*.)

**4. Defendant #9's Motion to Dismiss**

**a. Defendant #9's Memorandum of Law**

Generally, in his motion to dismiss, Defendant #9 makes three arguments. (Dkt. No. 60, Attach. 1.) First, Defendant #9 argues that the Complaint fails to state a plausible claim against him because Plaintiff has failed to plead any specific facts about the content of any video and whether it depicts sexually explicit conduct, the details about the creation or distribution of that video, and Defendant #9's role, knowledge or intent. (*Id.* at 3-4.)

Second, Defendant #9 argues that the Court lacks jurisdiction regarding the relevant claim because Defendant #9 was also a minor at the time of the alleged violation and therefore cannot be held liable for his own exploitation. (*Id.* at 4.)

Third, Defendant #9 argues that the Complaint should be dismissed because Plaintiff is proceeding under a pseudonym without court permission. (*Id.* at 5.)

**b. Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendant #9's motion, Plaintiff makes five arguments. (Dkt. No. 70.) First, Plaintiff argues that his claims are timely pursuant to the New York Child Victim's Act because the conduct underlying those claims occurred after the statute was passed and therefore are timely if filed at any time before he reaches the age of 55. (*Id.* at 13-14.)

Second, Plaintiff argues that his claim against Defendant #9 is legally cognizable because (a) his allegations made on information and belief are supported by sufficient facts and as a whole put Defendant #9 on notice of the claims against him, and (b) Defendant #9's own admissions show that he has notice and knowledge of the facts underlying the claim. (*Id.* at 15-16, 18.) Plaintiff further reiterates arguments made in response to the other motions regarding pleading attempts to commit the relevant predicate offenses and that such offense must be shown only by a preponderance of the evidence (with no criminal conviction required). (*Id.* at 17-18.)

Third, Plaintiff argues that, should the Court find his Complaint deficient in some material way, his claims should be dismissed only without prejudice and he should be permitted to amend the Complaint. (*Id.* at 18-19.) Plaintiff further argues that, rather than dismissing his Complaint at all, the Court should consider the allegations in the proposed amended complaint when deciding the pending motions because the allegations therein are integral to Plaintiff's claims. (*Id.* at 19-21.)

Fourth, Plaintiff argues that Defendant #9's argument that subject matter jurisdiction is lacking must be denied because the Court has "National Jurisdiction" over such claim pursuant to the statute that creates the cause of action, and, as to Defendant #9's specific argument, there is no reason to believe at this stage that he was an innocent bystander to the relevant conduct. (*Id.* at 21-22.)

Fifth, Plaintiff argues that dismissal under Fed. R. Civ. P. 10(a) would be improper because Defendant #9 has failed to show any prejudice to him as a result of Plaintiff's use of a pseudonym and Plaintiff was granted leave by the Court to file the pending motion to proceed anonymously. (*Id.* at 22-25.)

**c. Defendant #9's Reply Memorandum of Law**

Generally, in reply, Defendant #9 makes five arguments. (Dkt. No. 78.) First, Defendant #9 argues that Plaintiff's Complaint is too vague and conclusory to meet the pleading standard because (a) it does not provide specific facts plausibly suggesting Defendant #9's role, knowledge, or intent, (b) his allegations made on information and belief do not contain the required factual support, and (c) Defendant #9 denies that he admitted anything in his motion, merely that he received a video in a Snapchat group chat without any admission regarding the content of that video or whether he had any role in its creation, recording, or dissemination. (*Id.* at 2.)

Second, Defendant #9 argues that the minor-defendant exemption applies in civil cases, contrary to Plaintiff's argument that it does not. (*Id.*)

Third, Defendant #9 argues that Plaintiff's claims are time-barred under the Child Victims Act and Plaintiff's tolling arguments do not apply here. (*Id.*)

Fourth, Defendant #9 argues that Plaintiff's Complaint should be dismissed based on his unauthorized use of a pseudonym. (*Id.* at 3.)

Fifth, Defendant #9 argues that permitting Plaintiff to file the proposed amended complaint would be futile because he fails to allege sufficient facts about Defendant #9's role in

creating or possessing any relevant videos (or that such videos constitute child pornography). (*Id.*)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standards Governing a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12[b][1]). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co*., 791 F.2d 1006, 1011 [2d Cir. 1986]).

More specifically, "[w]hen . . . a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) is addressed to the complaint, a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003) (citing, *inter alia*, *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll*., 128 F.3d 59, 63 [2d Cir. 1997]); *see also Aurecchione v. Schoolman Transp. Sys., Inc*., 426 F.3d 635, 638 (2d Cir. 2005) (stating that a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12[b][1] only after "[c]onstruing all ambiguities and drawing all inferences" in a plaintiff's favor) (citing *Makarova*, 201 F.3d at 113).

However, when a defendant challenges the factual basis for the plaintiff's assertion of jurisdiction, "[j]urisdiction must be shown affirmatively, and that showing is not made [merely]

by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *accord, APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) ("In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both. . . . If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations . . . , the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . . But where evidence relevant to the jurisdictional question is before the court, the district court . . . may refer to that evidence.") (internal quotation marks and citations omitted).

In such a case, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]); *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("Plaintiffs bear the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.") (internal quotation marks omitted).

**B. Legal Standards Governing a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[7]

---

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed.

## III. ANALYSIS

### A. Whether Plaintiff Has Plausibly Stated His Third Claim Against Defendant Gilmour

After careful consideration, the Court answers the above question in the negative for the reasons stated in the Gilmour Defendants' memoranda of law. *See, supra,* Part I.2.a and c of this Decision and Order. However, the Court agrees with Plaintiff that he should be permitted to file an amended complaint because he has shown that the proposed amendments related to the Third Claim against Defendant Gilmour would not be futile. To the relevant reasons outlined by the parties that align with these conclusions, the Court adds the following analysis.

---

R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

As an initial matter, Plaintiff has argued that, to the extent his original Complaint may be lacking in pertinent factual allegations particularly as to the Third Claim against Defendant Gilmour (and as to the claims against any of the other Defendants relevant to these motions), the Court is permitted to (and should) consider the additional allegations put forth in his proposed amended complaint when deciding these motions, claiming that the proposed amended complaint is integral to the claims asserted in the original Complaint. (Dkt. No. 57, at 11-13; Dkt. No. 62, at 17-19; Dkt. No. 70, ay 19-21.)

The Court rejects this argument. A document is considered to be integral to a complaint "'where the complaint relies heavily upon its terms and effect.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 [2d Cir. 2002]). Plaintiff cannot be said to have relied upon the proposed amended complaint when drafting the original Complaint because the proposed amended complaint did not exist at the time he drafted the original Complaint; if it had, there seems little reason why he would not have simply included all the additional allegations from the proposed amended complaint in the original Complaint. Further, were the Court to accept Plaintiff's argument that a court should consider the allegations in a proposed amended complaint to determine the outcome of a motion to dismiss filed against the existing complaint, it would essentially be permitting a plaintiff to file an amended complaint as of right even after the time to do so has passed. The proper mode of proceeding under the circumstances is to first consider whether Plaintiff's original Complaint meets the relevant pleading standard, and, if it does not, then consider whether there are any grounds to permit Plaintiff to amend his Complaint to potentially remedy those defects.

That being said, the allegations in Plaintiff's Complaint are plainly insufficient to state a claim against Defendant Gilmour as to the Third Claim. The caption for such claim does not indicate that it was intended to be asserted against Defendant Gilmour at all, and Plaintiff has included only a single conclusory allegation related to this claim as to Defendant Gilmour, namely that it "knowingly accessed with intent to view child pornography." (Dkt. No. 1, at ¶ 85.) However, Plaintiff provides no allegations as to the manner in which Defendant Gilmour supposedly accessed either of the two videos that were alleged to have been taken on January 16, 2022. He alleges only that the videos were disseminated to a group chat and private chat on the application Snapchat. (*Id.* at ¶ 50.) Plaintiff's wholly conclusory allegation that Defendant Gilmour not only accessed either of the relevant videos but also did so knowingly simply does not suffice to render his claim against Defendant Gilmour plausible.

Plaintiff's Complaint also fails to account for the fact that, as Defendant Gilmour argues, Defendant Gilmour is not a person,[8] but an institution. Although the relevant statutory chapter does not provide a specific definition for the term "person" as used in these statutes, it does define an "organization" as "a person other than an individual." 18 U.S.C. § 2256(4). This definition appears to suggest that Defendant Gilmour may indeed qualify as a "person" against whom the statute might be enforceable. However, an organization by its very nature is not capable of possessing, receiving, or viewing child pornography except through one its employees whose actions can be imputed to Defendant Gilmour. Plaintiff has offered no factual allegations in the Complaint plausibly suggesting who within Defendant Gilmour allegedly knowingly

---

[8] Both Section 2252 ad 2252A apply specifically to "[a]ny person" who commits any of the prohibited acts enumerated therein. 18 U.S.C. §§ 2252(a), 2252A(a).

accessed the videos or the manner in which that access occurred. For these reasons, Plaintiff's Third Claim as stated in the Complaint must be dismissed.

Plaintiff has requested that, in the event any of his claims are found to be deficient, the Court should permit him to file the proposed amended complaint. Relevant to the Third Claim against Defendant Gilmour, the proposed amended complaint seeks to add the following allegations: (a) on or about February 22, 2022, "Mark's parents emailed the Head of School at Gilmour, Kathleen Kenny, to discuss" the conduct that had occurred in the hotel at the tournament; (b) at a meeting held on February 23, 2022, "Mark's parents informed Kenny about the assaults and videos," and "Kenny advised Mark and his parents that law enforcement would be contacted, and an internal investigation was open regarding the assaults"; (c) on March 3, 2022, Ms. Kenny sent an email in which she indicated that (i) "certain students have been suspended pending the completion of the investigation" and that "Gilmour Academy's investigation is ongoing," (ii) "both the Lake Placid Police Department and Gates Mills Police Department have opened investigations" into the incident and "Gilmour Academy has been in communication with both departments," and (iii) "as part of the investigation, we have now seen the video"; and (d) the video that Ms. Kenny referred to in her email was not obtained from Mark, his parents or any representative on behalf of him or his family. (Dkt. No. 57, Attach. 1, at ¶¶ 55-60.)

These allegations do not appear to suggest that Ms. Kenny, as Head of School for Defendant Gilmour, ever possessed the relevant video (as Plaintiff alleges related to the

pseudonymous Defendants) but rather merely that she "accessed" and "viewed" that video.[9] (Dkt. No. 57, Attach. 1, at ¶¶ 55-60.) As a result, the only subsection of 18 U.S.C. § 2252 that Plaintiff appears to be alleging Defendant Gilmour (through Ms. Kenny) violated is subsection (a)(4)(5), which states that "any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer if (i) the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(4)(B).

Similarly, section 2252A(5)(B) of Title 18 of the United States Code states that "any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disc, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided . . ." 18 U.S.C. § 2252A(a)(5)(B).

---

[9] Plaintiff does allege that Ms. Kenny "advised that she obtained and saw the video," but the content of the email on which that assertion is based does not in fact plausibly suggest that Ms. Kenny "obtained" the video, merely that it had been seen by an unidentified "we" at Defendant Gilmour. (Dkt. No. 57, Attach. 1, at ¶ 59.)

The allegations in the Amended Complaint are sufficient to cure the defects in the original Complaint related to the claim against Defendant Gilmour. Specifically, Plaintiff now alleges that Defendant Gilmour's Head of School (an individual who plausibly has the authority to act on behalf of Defendant Gilmour) accessed and viewed the video, and that she accessed and viewed that video with the intent to view a material that contained an image of child pornography.[10] Although Ms. Kenny's intent in viewing the video may not have been for nefarious purposes, but rather as part of Defendant Gilmour's investigation into the incident, she still accessed and intentionally viewed that video seemingly knowing it contained depictions of minor students engaging in conduct of a sexual nature, especially given that Plaintiff has alleged

[10] Defendant Gilmour's argument that there is no plausible basis for finding that the interstate commerce element is met is rejected because the proposed amended complaint alleges that Defendant #9 "filmed" or "recorded" the videos and that such videos were "captured, possessed, and then disseminated to others via group chat and private chat," specifically using the application Snapchat. (Dkt. No. 57, Attach. 1, at ¶¶ 47, 49-50.) Although not explicitly stated, there is no escaping the reasonable conclusion that these videos were produced using either a computer or (more likely) a cellular phone given the relevant allegations. The applicable statutes indicate that the interstate commerce element can be satisfied either through the shipping or transportation in interstate commerce, or that the video was produced using materials that themselves have been shipped or transported in interstate commerce. It has been recognized that computers, cellular phones, and the Internet generally meet this criteria. *See United States v. Zamarripa*, 23-CV-0909, 2025 WL 2048631, at *3 (D.N.M. July 22, 2025) (finding that transmission over the Internet was sufficient to meet the interstate commerce prong for a charge pursuant to 28 U.S.C. § 2252A, as was the fact that the images were produced by materials that traveled in interstate or foreign commerce, which relevantly included a computer and cellular phone); *United States v. King*, 979 F.3d 1075, 1080-81 (5th Cir. 2020) (affirming existence of jurisdiction under 18 U.S.C. § 2251 related to the interstate commerce requirement where it was affirmed that the cell phone used to store the offending images was manufactured outside the state and had traveled in interstate commerce). Although it is not clear how the video was transmitted to Ms. Kenny or others at Defendant Gilmour, the fact that it was produced by a device that plausibly has traveled in interstate commerce is sufficient to overcome the hurdle of plausibility for the purposes of a motion to dismiss (although Plaintiff will be required to prove that fact at later stages of the proceedings, of course).

that his parents informed Ms. Kenny about the assaults and videos before she began conducting any investigation. (Dkt. No. 57, Attach. 1, at ¶ 57.) As a result, the Court finds that permitting amendment of the Complaint related to the Third Claim against Defendant Gilmour would not be futile.

The Court declines to address at this stage Defendant Gilmour's arguments related to the applicability of the affirmative defense outlined in Sections 2252 and 2252A. Specifically, on a motion to dismiss, dismissal should generally not be granted pursuant to an affirmative defense unless such defense is clear on the face of the complaint. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024) (stating that "[d]ismissal [based on an affirmative defense] under Rule 12(b)(6) is therefore appropriate only if 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law'") (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 [2d Cir. 2015]).

The relevant affirmative defense applies in situations where the defendant "possessed less than three images of child pornography," and either "took reasonable steps to destroy each such image" or "reported the matter to a law enforcement agency and afforded that agency access to each such image." 18 U.S.C. § 2252A(d).[11] Here, the allegations in the proposed amended complaint do not clearly show that it applies here. Specifically, it is not clear whether Defendant Gilmour (through Ms. Kenny or some other individual) accessed the videos before it reported the incident to law enforcement, or that it was Ms. Kenny (or another relevant individual) who

[11] The parallel affirmative defense in Section 2252, while using somewhat different wording, includes the same requirements. 18 U.S.C. § 2252(c).

turned over the videos to law enforcement. All that is alleged is that (a) Plaintiff's parents informed Ms. Kenny about the incident and video on February 23, 2022 (but that they did *not* provide that video to her or anyone else), and (b) an internal investigation was conducted by Defendant Gilmour, two local police departments had also opened investigations (and Defendant Gilmour was in communication with those departments), and as part of the internal investigation, an unidentified "we" at Defendant Gilmour had seen the video. (Dkt. No. 57, Attach. 1, at ¶¶ 57-59.) There is no indication of when or how Defendant Gilmour obtained the video as part of its investigation, nor whether it either destroyed any copy of the video in its possession or provided access to the relevant police departments after reporting the incident to them. Contrary to the Gilmour Defendants' argument, the fact that Defendant Gilmour might have accessed or viewed the video as part of its investigation does not automatically meet the requirements of the affirmative defense. While the eventual proof might be such that this affirmative defense would apply to Defendant Gilmour, such a finding would be premature at this stage based on the allegations in the proposed amended complaint.

For the above reasons, the Court finds that Plaintiff's Third Claim against Defendant Gilmour as stated in the Complaint must be dismissed for failure to state a claim upon which relief may be granted, but that Plaintiff should be permitted to file an amended complaint that will allow that claim to continue because the additional allegations in the proposed amended complaint show that the deficiencies identified related to that claim can be remedied through permitting amendment.

**B. Whether Plaintiff Has Plausibly Stated His Third Claim Against Defendant #7, Defendant #8, and Defendant #9**[12]

After careful consideration, the Court answers the above question in the negative as to Defendant #7 and Defendant #8, but in the affirmative as to Defendant #9 for the following reasons.

First, all three pseudonymous Defendants argue that the Complaint should be dismissed based on the fact that Plaintiff is proceeding under a pseudonym without having obtained proper leave to do so by the Court. (Dkt. No. 31, Attach. 1, at 7-8; Dkt. No. 53, Attach. 2, at 19; Dkt. No. 60, Attach. 1, at 5.) Plaintiff filed the Complaint under the pseudonym "Mark" on August 15, 2025. (Dkt. No. 1.) He first provided notice of an intention to seek leave to proceed under a pseudonym on November 25, 2025. (Dkt. No. 33.) United States Magistrate Judge Daniel J. Stewart granted the request to file a motion in that respect, which he ordered to be filed by December 10, 2025. (Dkt. No. 34.) Plaintiff indeed did file a motion to proceed under a

---

12 The Court notes that, although the two relevant criminal statutes invoked by Plaintiff as the basis for his claim contain multiple actions that constitute violations of those statutes (including transportation or shipping of relevant visual depictions, receipt or distribution of relevant visual depictions, sale or possession with intent to sell, and possession or access with intent to view, mailing/transportation/shipping of child pornography, receipt or distribution of child pornography, reproduction for distribution or advertising, promoting, presenting, distributing, or soliciting a visual depiction of a minor engaging in sexually explicit conduct, sale or possession with intent to sell child pornography, or possessing or accessing with intent to view a visual depiction of a minor engaging in sexually explicit conduct), Plaintiffs specifically assert that he was a victim of "Defendants' violation of 18 U.S.C.§ 2252, which prohibits the knowing receipt of a visual depiction of a minor engaging in sexually explicit conduct, and 18 U.S.C. § 2252A(a)(5)(B), which prohibits the knowing possession or receipt of a visual depiction of child pornography." (Dkt. No. 1, at ¶ 81.) As such, the Court construes Plaintiff's Third Claim against the pseudonymous Defendants in the Complaint as being based on possession and receipt. To the extent that he asserts in a conclusory manner that they either "captured" or "manufactured" any relevant videos, such conduct does not appear to fall under the relevant statutes.

pseudonym on December 10, 2025. (Dkt. No. 45.) Magistrate Judge Stewart granted that motion on March 23, 2026. (Dkt. No. 82.) Although Plaintiff admittedly did not seek to obtain leave to proceed pseudonymously until approximately three months after he filed this action, he has, during the pendency of all of the filed motions addressed herein, been granted such leave. As a result, the Court sees no reason why his delay should merit the dismissal of his Complaint. Of note, there has been nothing presented to show that Plaintiff's failure to seek leave earlier prejudiced Defendants or somehow prevented them from knowing his identity in a manner that would have hindered their ability to engage in proper motion practice or whatever limited discovery may have taken place thus far.

Second, Defendant #7 and Defendant #9 both argue that Plaintiff has no colorable claim against them because they were also both minors at the time the video was recorded, and therefore cannot be held liable for their own exploitation. (Dkt. No. 53, Attach. 2, at 16-18; Dkt. No. 60, Attach. 1, at 4.) Without reaching the question of whether this is an accurate statement of law, the Court finds that the principle relied upon is irrelevant here because neither Defendant #7 nor Defendant #9 appear in the video that is the basis of Plaintiff's claims. The Complaint alleges that the relevant incident on the evening of January 16, 2022, involved Defendant #8 and an unidentified other student engaging in the alleged conduct against Plaintiff, and that Defendant #9 merely filmed the incident; there is no allegation that Defendant #7 was even present, much less depicted in that video. It is certainly not the case that an individual's mere status as a minor renders them immune from any liability for *any* offense under Section 2252 or Section 2252A; a minor could conceivably be held liable for possessing and distributing child pornography of which they are not the victim. Defendant #7 acknowledges that "Masha's Law

was undisputedly enacted to protect minors *depicted in* sexually explicit images." (Dkt. No. 52, Attach. 2, at 17-18.) But because neither Defendant #7 nor Defendant #9 are alleged to be depicted in the relevant video,[13] they are not being held liable for their own exploitation in the way that was found to be relevant in *Gebardi v. United States*, 287 U.S. 112 (1932) as relied upon by Defendant #7 and Defendant #9 in their arguments. As such, their status as minors at

[13] To the extent that Defendant #7 argues that he was depicted in a video, this assertion appears to be in relation to a different video from the morning of January 16, 2022. (Dkt. No. 1, at ¶ 47.) However, the description of the conduct present in that video does not appear to plausibly suggest that it constitutes child pornography under the definition that will be discussed further below. Specifically, there is no allegation that there was any exhibition of any participants' genitals (lascivious or otherwise) or that conduct occurred that meets any of the criteria for being deemed sexually explicit. Of note, as to an earlier incident alleged to have happened on the morning of January 16, 2022, involving Defendant #8 and Defendant #7 jumping on Mark while they were naked and engaging in other conduct with their genitals, there is no allegation that such conduct was ever recorded; according to the Complaint (and the proposed amended complaint), Defendant #9 (as the only person alleged to have filmed any of the videos in question) did not begin filming that morning until the assaultive conduct resumed in a different form later after Mark had fallen asleep. (Dkt. No. 1, at ¶¶ 45-47.) To the extent that Defendant #7 has submitted a declaration regarding the existence of a Snapchat video depicting him, the Court will not consider such declaration because it is a matter outside of the pleadings and therefore not an appropriate subject for consideration on a motion to dismiss; the Court instead relies upon Plaintiff's allegations in the Complaint which, as noted, do not plausibly suggest that the only alleged video depicting Defendant #7 constitutes a depiction of sexually explicit conduct.

Further, as will be discussed below related to the sufficiency of the pleading of the merits of Plaintiff's claim, Plaintiff has not plausibly alleged that Defendant #7 possessed or received any of the relevant Snapchat videos, and therefore the claim against him would necessarily be dismissed here on that ground whether or not he was depicted in a relevant video; the claim at issue is for the receipt or possession of child pornography, *not* for sexual assault or any other sort of related tort where Defendant #7's actions in any video would themselves constitute the basis of the claim against him. Notably, even if the Court were to consider Defendant #7's declaration, it notes that nothing in that affidavit supports that Defendant #7 possessed or received the mentioned video, merely that he was aware of its existence. (Dkt. No. 54.) As a result, this declaration does not present any basis for assuming that Plaintiff could amend the Complaint further to remedy the relevant deficiency.

the relevant time does not have any bearing on the claims asserted against them under the circumstances presented.

Third, all three pseudonymous Defendants argue that Plaintiff has failed to allege facts to plausibly state a claim against them. (Dkt. No. 31, Attach. 1, at 9-11; Dkt. No. 53, Attach. 3, at 11-15; Dkt. No. 60, Attach. 1, at 3-4.) The Complaint alleges the following relevant facts about incidents that were filmed: (1) on the morning of January 16, 2022, Defendant #8 and Defendant #7 engaged in various conduct against Plaintiff in their hotel room (including pulling down Plaintiff's undergarments, slapping his buttocks, and Defendant #7 making a motion like he was going to lick or bite Plaintiff's buttocks) while Plaintiff was attempting to sleep, and at some point during that incident, Defendant #9 came into the room and filmed it;[14] (2) on the night of January 16, 2022, while Plaintiff was attempting to sleep, Defendant #8 again engaged in sexual conduct directed at Plaintiff (including touching Plaintiff's nose, mouth, lips, and cheeks with his penis and forcing it in Plaintiff's mouth), which was recorded by Defendant #9; and (3) the

---

[14] There is other conduct alleged to have occurred on the morning of January 16, 2022, including that Defendant #7 and Defendant #8 "jumped on him, fully naked," "waived their fully exposed penises around Mark and were whacking him, lunging penis first at him, touching his buttocks with the bare penises, and attempting to rape Plaintiff." (Dkt. No. 1, at ¶ 46.) However, there is no allegation that any of this earlier incident was filmed. Defendant #7 appears to admit in his opposition memorandum that there is a video that is "several seconds long" (presumably the above-mentioned one from later in the morning on January 16, 2022, as, again, these earlier incidents are not alleged to have been filmed and the later incident is the only one alleged to be filmed that depicted Defendant #7) wherein "Defendant #7 causes his genitals to come into contact with Plaintiff." (Dkt. No. 53, Attach. 2, at 6.) Even if the Court were to consider this information despite the fact it has not been specifically pleaded in the Complaint (or the proposed amended complaint), the mere fact that Defendant #7's genitals may have come into contact with Plaintiff in some undefined manner while Defendant #7 was engaging in any of the other conduct alleged during the later incident on the morning of January 16, 2022, does not cause the depicted conduct to meet the definition of sexually explicit conduct that will, again, be discussed later in this Decision and Order, and therefore it would not be a relevant basis for Plaintiff's claim.

recorded videos were disseminated to "others" via group chat and private chat using the application Snapchat. (Dkt. No. 1, at ¶¶ 46-47, 49-50.) Plaintiff also alleges that all three pseudonymous Defendants "knowingly solicited, manufactured, received, and possessed child pornography depicting Plaintiff." (*Id.* at ¶¶ 82-84.)

These allegations are insufficient to plausibly allege Plaintiff's claims as to Defendant #7 and Defendant #8 because there are no allegations to plausibly suggest that those Defendants ever possessed or received the videos. Plaintiff's only allegation regarding the distribution of the videos is that they were shared using Snapchat to "group chat" and "private chat," but there is no indication of who the recipients of those messages were, much less that Defendant #7 and Defendant #8 specifically were part of those group or private chats. Plaintiff's legal conclusion that they "received" and "possessed" child pornography depicting Plaintiff is therefore entirely conclusory and need not be accepted as true. As a result, Plaintiff has not plausibly stated his Third Claim as to Defendant #7 and Defendant #8.

That is, however, not the case related to Defendant #9. Plaintiff alleges that Defendant #9 was the one who recorded the videos as well as that the videos were sent to others through Snapchat; the fact the videos were filmed by Defendant #9 plausibly suggests that he possessed them in some form.[15] Defendant #9's statements in his opposition that he did not in fact record

---

[15] The allegations are less clear as to the issue of distribution (to the extent Plaintiff makes a passing reference to the fact that the videos were "disseminated"), because nowhere in the Complaint does Plaintiff allege that it was Defendant #9 specifically who sent the alleged Snapchat messages containing the videos. While a logical inference could perhaps be drawn that Defendant #9 distributed the videos given that he appears to be the only one alleged to have filmed them, that issue presents a much closer question as to plausibility on the factual allegations presented.

any of the videos, but merely received it in a group chat cannot be considered on this motion, as they relate to matters outside the pleadings and, in any event, Plaintiff's allegations must be accepted as true at this stage. Further, under the circumstances presented by Plaintiff's Complaint, the fact that Defendant #9 took the affirmative act of recording the assault plausibly suggests that his possession of the video was knowing, as the reasonable assumption when filming is that there will be a tangible video produced as a result of that action, and the nature of the conduct filmed as described in the Complaint plausibly suggests that Defendant #9 was both aware of the sexually explicit nature of the conduct and that Plaintiff was a minor at the time the video was taken. *See United States v. X-Citement Video*, 513 U.S. 64, 78 (1994) (holding that the term "knowingly" in Section 2252 "extends both to the sexually explicit nature of the material and to the age of the performers"); *United States v. Pabon-Cruz*, 255 F. Supp. 2d 200, 205-06 (S.D.N.Y. 2003) (noting that the Supreme Court's interpretation of the application of "knowingly" in *X-Citement Video* would logically also apply to Section 2252A); (Dkt. No. 1, at ¶ 26 [alleging that Plaintiff was on the "16U" hockey team at Gilmour Academy].)[16]

---

[16] To the extent it remains relevant to the claim against Defendant #9, the Court rejected Defendant #7's (and, to a lesser degree of specificity, Defendant's #9's) arguments that Plaintiff has not plausibly alleged that the conduct alleged to have been captured by the video constitutes child pornography. Child pornography as defined by the statute is, at its most basic, a visual depiction of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8). "Sexually explicit conduct" is defined by that same statute as, relevantly, "actual or simulated . . . sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex" or "lascivious exhibition of the anus, genitals, or pubic area." 18 U.S.C. § 2256(2)(A)(i), (v). Here, Plaintiff has alleged that, as to the relevant filmed conduct on the evening of January 16, 2022, Defendant #8 and another individual "forc[ed] their penises on Mark's face," as well as "forc[ed] their penises in Mark's mouth, touching Mark's nose, mouth, lips, and cheeks with their penises." (Dkt. No. 1, at ¶ 49.) These allegations are sufficient to at least plausibly allege for the purposes of this motion that the video in question depicts a minor engaging in sexually explicit conduct in the form of either actual or simulated oral-genital sexual intercourse. Considering the same definition, any video produced related to

This is not the end of the Court's analysis, however, because, as was discussed above, Plaintiff has cross-moved to amend the Complaint. However, Plaintiff's addition of three identical sentences related to the three pseudonymous Defendants is hardly less conclusory than the original allegations. Specifically, Plaintiff seeks to amend the Complaint to allege that all three of those Defendants "captured, possessed, and then disseminated to others via electronic group chat/messages and private chat/messages the CSAM identified in paragraph 49," all of which allegations are made "upon information and belief."[17] (Dkt. No. 57, Attach. 1, at ¶¶ 51-53.) However, as to Defendant #8 and Defendant #7, there are no factual allegations supporting any conclusion that either of them "captured" the relevant video, because the only factual allegation related to the recording of the video is that Defendant #9 was the one who did the recording. Further, although Plaintiff now alleges that they possessed and disseminated the video, there are no factual allegations supporting that conclusory assertion, and also no factual allegations as to how they received that video given that Plaintiff still does not allege that Defendant #8 and Defendant #7 were part of that group of unidentified "others" to whom the video was disseminated to using Snapchat. Plaintiff cannot rely on the phrase "upon information and belief" to transform what is in effect a mere legal conclusion into a factual allegation the Court is required to accept as true without providing factual elaboration specific enough to

---

the events during the morning on January 16, 2022 (which allegedly potentially depicted actions including pulling down Plaintiff's undergarments, slapping his buttocks, and Defendant #7 making a motion like he was going to lick or bite Plaintiff's buttocks as was discussed above) does not plausibly suggest conduct meeting the definition of sexually explicit conduct.

[17] The Court notes that Plaintiff specific reference to the video described in Paragraph 49 of the proposed amended complaint (which depicts the conduct from the evening of January 16, 2022) supports the Court's finding that that is the only actionable video forming the basis of Plaintiff's Third Claim.

render his allegations plausible. *See Timber Hill Enters., LLC v. Alta Equipment Co.*, 26-CV-0002, 2026 WL 1346622, at *3 (N.D.N.Y. May 14, 2026) (Brindisi, J.) (noting that "[w]hen allegations are made upon information and belief, the plaintiff must support them by offering facts upon which that belief is founded" in order to not merely be conclusory); *Endobotics, LLC v. Fujifilm Healthcare Americas Corp.*, 24-CV-2266, 2025 WL 1549027, at *2 (S.D.N.Y. May 29, 2025) (noting that "a plaintiff 'cannot merely plop upon information and belief in front of a conclusory allegation and thereby render it nonconclusory'") (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 385 [2d Cir. 2018]). For these reasons, the proposed amendments do not correct the relevant deficiencies in the Complaint as to the plausibility of the claims against Defendant #8 and Defendant #7, and therefore granting leave to amend in that respect would be futile.

For the above reasons, the Court finds that the Third Claims against Defendant #7 and Defendant #8 must be dismissed, while the Third Claim against Defendant #9 survives this motion. The Court finds that the dismissal of the claims against Defendant #7 and Defendant #8 are appropriately with prejudice, because Plaintiff's attempt to add allegations in the proposed amended complaint related to those claims (in response to Defendants' arguments) indicates that he does not possess a sufficient basis for permitting his claims against those Defendants to proceed beyond this threshold stage.

**ACCORDINGLY**, it is

**ORDERED** that Defendant #8's motion to dismiss (Dkt. No. 31) is **GRANTED** such that he should be dismissed as a party from this action; and it is further

**ORDERED** that Defendant #7's motion to dismiss (Dkt. No. 53) is **GRANTED** such that he should be dismissed as a party from this action; and it is further

**ORDERED** that Defendant #9's motion to dismiss (Dkt. No. 60) is **DENIED**; and it is further

**ORDERED** that the Gilmour Defendants' motion to dismiss (Dkt. No. 32) is **GRANTED** to the extent that the Court has found that the Complaint fails to state a claim upon which relief can be granted as to the Third Claim against Defendant Gilmour; and it is further

**ORDERED** that Plaintiff's cross-motion to amend the Complaint (Dkt. No. 57) is **GRANTED** because the allegations in the proposed amended complaint suggest that amendment would not be futile as to the Third Claim against Defendant Gilmour; and it is further

**ORDERED** that Plaintiff shall file the Amended Complaint within **FOURTEEN (14) DAYS** of the date of this Decision and Order.

Dated: September 10, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge